UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:16-cv-00583-FDW
(3:11-cr-00384-FDW-5)

| | |
|---|---|
| RICKY EUGENE LYNN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court upon Petitioner Ricky Eugene Lynn's Amended Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1.)

**I.     BACKGROUND**

On August 24, 2012, Lynn entered a straight up guilty plea to conspiracy to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(A) (Count One), and using a communication facility for controlled substance distribution, in violation of 21 U.S.C. § 843(b) (Count Two). Accept. & Entry of Plea, Doc. No. 110.[1] The Court sentenced Lynn to 189 months imprisonment in Count One and to a concurrent 48-month term in Count Two. J., Doc. No. 216. Judgment was entered on October 8, 2013. Id.

Lynn did not file a direct appeal, but in 2015, he successfully moved to reduce his sentence under U.S.S.G. Amendment 782. Doc. No. 272. The Court reduced Lynn's sentence in Count One to 158 months' imprisonment. Doc. No. 296.

On May 3, 2016, the Clerk of Court received a letter from Lynn asking that his sentence

---

[1] Unless otherwise indicated, all docket references that are not in parentheses refer to documents in the underlying criminal action. Docket references in parentheses refer to documents in the instant habeas action.

1

be reviewed to determine if he is eligible for a sentence reduction in light of the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015); the letter was docketed in Lynn's criminal case. Doc. No. 300. On July 14, 2016, Lynn filed a document titled, "Petitioner's 28 U.S.C. § 2255(f)(3) Successor Motion, Pursuant to United States Supreme Court: Richard Mathis v. United States, 579 U.S. No. 15-6092 S. Ct. Supplement to Johnson v. United States, (2015)," and the Clerk of Court opened the instant civil action. (Doc. No. 1.)

Thereafter, this Court entered an Order directing the Clerk to file Lynn's May 3, 2016 Letter in this civil action and docket it as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (Order, Doc. No. 2.) The Court also directed the Clerk to docket Lynn's "28 U.S.C. § 2255(f)(3) Successor Motion, etc." as an Amended Motion to Vacate.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings in the United States District Court, sentencing courts are directed to examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If it plainly appears that the petitioner is not entitled to relief, the court must dismiss the motion. See id. After conducting its initial review, the Court finds that the claims presented in the Motion to Vacate can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In Johnson v. United States, made retroactive on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague under the Due Process Clause of the Fifth Amendment. 135 S. Ct. at 2558. The ACCA provides for a mandatory minimum sentence of 15 years in prison for a defendant convicted of being a felon in

possession of a firearm, 18 U.S.C. § 922(g), if the defendant has at least three prior convictions for serious drug offenses or violent felonies. See § 924(e)(1). "Violent felony" is defined in the ACCA as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" § 924(e)(2)(B) (emphasis added).

The italicized closing words of § 924(e)(2)(B) constitute the ACCA's residual clause. Johnson, 135 S. Ct. at 2556. Thus, a defendant who was sentenced under the ACCA to a mandatory minimum term in prison based on a prior conviction that satisfies only the residual clause of the ACCA's "violent felony" definition is entitled to relief from his sentence.

Lynn was not convicted of being a felon in possession of a firearm, in violation of § 922(g). Thus, his sentences were not enhanced under the ACCA, and Johnson does not apply to him.

Any assertion by Lynn that the holding in Johnson applies equally to sentencing enhancements under §§ 4B1.1 and 4B1.2, the career offender sections of the United States Sentencing Guidelines ("U.S.S.G."), is foreclosed by the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017). In Beckles, the Supreme Court held that the advisory federal Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause. Id. at 892. Consequently, the holding in Johnson does not extend to the advisory Sentencing Guidelines. See id.

Even if Johnson applied to the Sentencing Guidelines, however, it would be of no help to Lynn because he was not sentenced as a career offender under U.S.S.G. § 4B1.1. Indeed, the probation officer who calculated Lynn's offense level and criminal history category for

3

sentencing purposes determined that he was not eligible for a sentence enhancement under the career offender guidelines. Presentence Investigation Report ("PSR") ¶ 36, Doc. No. 157 ("Chapter Four Enhancement: None."). Lynne's offense level was determined based upon the quantity of drugs attributable to him and his acceptance of responsibility, PSR ¶¶ 28-30, 37-38; it was not adjusted in any way based upon his prior criminal convictions. In short, the holding in Johnson has no bearing on Lynn's sentences, and he is not entitled to relief.

As for Lynn's Amended Motion to Vacate, it appears he is seeking a sentence reduction through the retroactive application of U.S. Sentencing Guidelines Amendment 794, which clarifies the requirements for reducing a defendant's offense level based upon a his "minor" or "minimal" role in the offense, see U.S.S.G. § 3B1.2. (Am. Mot. to Vacate 1-2, Doc. No. 1.) A petitioner ordinarily cannot use 28 U.S.C. § 2255 to seek a sentence reduction based on subsequent amendments to the Sentencing Guidelines. See United States v. Goines, 357 F.3d 469, 477 (4th Cir. 2004). A motion for sentence reduction based on a Guidelines amendment should be filed under 18 U.S.C. § 3582(c)(2),[2] not § 2255. See id. at 477–81. In other words, Petitioner's requested relief based on Amendment 794 is not cognizable in a § 2255 proceeding.

However, even if Lynn had properly asserted this claim under § 3582(c)(2), he still would not be entitled to relief because Amendment 794 is not retroactively applicable on collateral review. The Court may "reduce a defendant's term of imprisonment when the [United States Sentencing] Commission has subsequently lowered his or her sentencing range and made that reduction retroactive." United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009).

---

[2] Section 3582(c)(2) allows for a retroactive offense level reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" referenced in § 3582(c)(2) are those found in U.S.S.G. § 1B1.10. Dillon v. United States, 560 U.S. 817, 826 (2010).

4

Amendment 794 did not go into effect until November 1, 2015—after Petitioner's sentencing. See U.S.S.G. app. C, amend. 794, at 118 (Supp. Nov. 1, 2015). The Fourth Circuit has held that "[a] guideline amendment may be applied retroactively only when expressly listed in U.S.S.G. § 1B1.10([d])." Dunphy, 551 F.3d at 249 n.2; see also United States v. Williams, 808 F.3d 253, 257 (4th Cir. 2015) (noting that § 1B1.10(d) "lists the Guidelines amendments designated by the Commission for retroactive application in a § 3582(c)(2) proceeding"). As of the date of this Order, Amendment 794 is not listed in U.S.S.G. § 1B1.10(d) as one of the amendments to be applied retroactively. Consequently, Petitioner is not entitled to relief under Amendment 794, either.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Amended Motion to Vacate, Set Aside or Correct Sentence (Doc. No. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Date Signed: September 7, 2017

Frank D. Whitney
Chief United States District Judge