UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:11-cr-00384-FDW

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| RICKY EUGENE LYNN, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's Motion, filed pro se, asking this Court to "check into reviewing my case to see if I am eligibility [sic] for early release under the Fist Step Act." (Doc. No. 358). Here, the record indicates that in 2011, Defendant was charged with conspiracy to possess with intent to distribute crack cocaine, 21 U.S.C. § 846 and 21 U.S.C. § 841(b)(1)(A), and using a communication facility for controlled substances distribution, 21 U.S.C. § 843(b). Defendant entered a guilty plea in August 2012 (Doc. No. 110), and on September 9, 2013, the Court sentenced Defendant to 189 months for the drug conspiracy and 48 months on the § 843(b) count. (Doc. No. 216). In 2015, the Court reduced Defendant's sentence for the drug conspiracy count from 189 months to 158 months pursuant to Amendment 782. (Doc. No. 296).

Defendant is not eligible for any of the relief he now seeks. Section 404 of the First Step Act gives retroactive effect to the changes made by Sections 2 and 3 of the Fair Sentencing Act of 2010. Section 404(b) of the Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if Section 2 or 3 of the Fair Sentencing Act of 2010, (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." 132 Stat. at 5222. Sections 2 and 3 of the Fair Sentencing Act increased the threshold

1

quantities of crack cocaine that would subject a Defendant to particular mandatory-minimum sentence and eliminated the mandatory-minimum sentence that previously applied to simple possession of crack cocaine. 124 Stat. at 2372. Section 404(c) of the Act makes clear that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010."

Defendant pleaded guilty to conspiracy to possess with intent to distribute on August 24, 2012, nearly two years after the effective date of the Fair Sentencing Act. This Court sentenced Defendant one year later in September of 2013. Because Defendant was sentenced after the Fair Sentencing Act became effective, he has already received any benefit of that Act. Wood is not eligible for relief under the First Step Act, and the court denies Wood's motion. See First Step Act, § 404(c), 132 Stat. at 5222; see also United States v. Aranzubia, No. 3:16-CR-161-FDW, 2021 WL 4785502, at *2 (W.D.N.C. Oct. 13, 2021) (finding the defendant ineligible because he pleaded guilty and was sentenced after the First Step Act's effective date and denying motion to reduce sentence); United States v. Wood, No. 2:11-CR-36-D, 2021 WL 5500685, at *2 (E.D.N.C. Nov. 19, 2021) (same).

IT IS THEREFORE ORDERED that Defendant's Motion (Doc. No. 358) is DENIED.

IT IS SO ORDERED.

Signed: December 17, 2021

Frank D. Whitney
United States District Judge

2